IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHENIKA W.,[1]

    **Plaintiff,**

    v.                                    Civil Case No. 3:24-cv-682

**FRANK BISIGNANO,**[2]
*Commissioner of the*
*Social Security Administration,*

    **Defendant.**

## FINAL MEMORANDUM ORDER

In this action, Plaintiff Shenika W. ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's ("Commissioner") decision to deny her application for benefits. This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (the "Objections"). (ECF No. 16.) On July 2, 2025, Magistrate Judge Summer L. Speight entered the Report and Recommendation (the "R&R"). (ECF No. 13.)

Plaintiff raises three objections to the reasoning of the Administrative Law Judge ("ALJ"), and by extension the Magistrate Judge's decision that adopted the ALJ findings. First, Plaintiff objects that the ALJ's decision was "unsupported by substantial evidence" because the ALJ found that Plaintiff suffered from "mild restrictions in understanding, remembering, or

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by his or her first name and last initial.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for the former Acting Commissioner as Defendant in this Action. 42 U.S.C. § 405(g). No further action need be taken. 42 U.S.C. § 405(g).

applying information and mild limitations in concentration, persistence," yet the ALJ did not "include[e] any mental limitations in Plaintiff's [Residual Functional Capacity ("RFC") determination], and failed to explain the discrepancy." (ECF No. 16, at 1.) Second, Plaintiff objects that the ALJ "erred by failing to properly evaluate and explain his analysis of Plaintiff's need for a cane, as reported by Nurse Practitioner Augustina Nyeche." (ECF No. 16, at 4.) Third, Plaintiff objects to the ALJ's finding that "there are jobs existing in significant numbers in the national economy that Plaintiff can perform." (ECF No. 16, at 4.)

The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, (ECF No. 10), and affirm the decision of the ALJ. (ECF No. 15, at 25.) After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objections and Motion for Summary Judgment, the Court finds the R&R well-reasoned and supported by the record and applicable law. For the reasons articulated below, the Court finds that Plaintiff's Objections lack merit and therefore DENIES Plaintiff's Motion for Summary Judgment, (ECF No. 10), GRANTS Defendant's Motion for Summary Judgment, (ECF No. 13), and ADOPTS the Report and Recommendation of the Magistrate Judge, (ECF No. 15), as the opinion of the Court.

## I. PROCEDURAL HISTORY

On December 23, 2024, Plaintiff filed her Motion for Summary Judgment. (ECF No. 10.) On January 27, 2025, the Commissioner filed his Motion for Summary Judgment. (ECF No. 13.) On July 2, 2025, Magistrate Judge Speight issued her R&R recommending denial of Plaintiff's motion. (ECF No. 15.) On July 16, 2025, Plaintiff filed her Objections. (ECF No. 16.) On July 21, 2025, the Commissioner filed Defendant's Response to Plaintiff's Objections. (ECF No. 17.)

2

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quotation omitted). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

## III. ANALYSIS

### A. Plaintiff's First Objection Lacks Merit

Plaintiff objects that the ALJ's decision was unsupported by substantial evidence because the ALJ failed to explain his omission of Plaintiff's mental limitations in the ALJ's RFC determination. (ECF No. 16, at 1.) Plaintiff objects that the ALJ did not "provide[] a logical

3

bridge between the evidence considered and his finding that Plaintiff's mental impairment was non-severe." (ECF No. 16, at 2.) Plaintiff further objects to the Magistrate Judge's recommended holding that "the ALJ was not required to explain why the RFC did not account for such minimal limitations." (ECF No. 16, at 2 (quoting ECF No. 15, at 16).) The Court rejects each of Plaintiff's arguments.

On *de novo* review, the Court agrees with the Magistrate Judge that "the ALJ reasonably accounted for Plaintiff's mental limitations in the RFC and sufficiently explained how he made those determinations." (ECF No. 15, at 12.) At Step Two of the ALJ's disability determination process, the ALJ examined Plaintiff's mental limitations under the four functional areas known as the "Paragraph B" criteria. (R. at 22–23.) As the Magistrate Judge explained, substantial evidence supported the ALJ's ultimate determination, applying these criteria, that Plaintiff's mental limitations were "mild" and "non-severe." (ECF No. 15, at 13–17.) The Magistrate Judge correctly concluded that the ALJ established "a logical bridge between the evidence considered and his finding that Plaintiff's mental impairment was non-severe."[3]

The Court also rejects Plaintiff's objection to the Magistrate Judge's recommendation that "the ALJ was not required to explain why the RFC did not account for such minimal limitations." (ECF No. 16, at 2.) "The Fourth Circuit has held that the ALJ is 'only required to *consider* . . . non-severe impairments,' and so long as the impairments are discussed under step two, a court's review of the ALJ's decision is 'not frustrated' when it omits further discussion under the RFC step." *Rita H. v. Bisignano*, No. 3:24-cv-72 (HEH), 2025 WL

---

[3] Plaintiff asserts that "[t]he logical bridge which the U.S. Magistrate Judge describes was provided for the first time by the Commissioner in the government's briefing." (ECF No. 15, at 3.) The Court finds otherwise. In describing this "logical bridge," the Magistrate Judge cited the *ALJ's* decision, in which the ALJ discussed the extent of Plaintiff's impairment and its impact on Plaintiff's RFC. (ECF No. 15, at 12–17.)

4

2060787, at *4 (E.D. Va. July 23, 2025) (quoting *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021)) (emphasis in original). In any event, the Magistrate Judge specifically stated that the ALJ "*did* consider and address Plaintiff's mental impairments in determining her RFC." (ECF No. 15, at 14–15 (emphasis added).) Because substantial evidence supported the ALJ's determination that Plaintiff's mental impairments were "mild" and "non-severe," any failure by the ALJ to discuss those impairments in the RFC determination was harmless.

Plaintiff counters that, under the United States Court of Appeals for the Fourth Circuit's decision in *Linger v. Commissioner of Social Security*, "'meaningful review' [of a Social Security benefits claim] is precluded when uncertainty remains [after an ALJ's decision] in the context of mental limitations adopted at step three that are not adequately accommodated by the RFC." (ECF No. 16, at 3 (quoting *Linger*, No. 22-2192, 2025 WL 40548, at *5 (4th Cir. Jan. 7, 2025)). But the Magistrate Judge correctly explained that *Linger* is distinguishable on several grounds. The Plaintiff in *Linger* suffered from "moderate" mental limitations; suffered from "severe" mental impairments; and did not receive due consideration of various medical opinions. (ECF No. 15, at 15–16 (citing *Linger*, 2025 WL 40548, at *3–6).) None of the same conditions pertain here. Plaintiff's citation to *Linger* is therefore inapposite.

The Court therefore OVERRULES Plaintiff's first objection to the R&R.

**B.     Plaintiff's Second Objection Lacks Merit**

Plaintiff next objects that "the ALJ erred by failing to properly evaluate and explain his analysis of Plaintiff's need for a cane, as reported by Nurse Practitioner Augustina Nyeche." (ECF No. 16, at 4.) In evaluating the persuasiveness of NP Nyeche's medical opinion, the ALJ was required to consider, *inter alia*, the "supportability" of the medical opinion. 20 C.F.R. § 404.1520c(c)(1). The ALJ did not find NP Nyeche's opinion persuasive because NP Nyeche

"did not provide specific, objective evidence to support . . . the need for any assistive device." (R. at 31.) Plaintiff objects to this finding because it conflicts with the ALJ's "recognition of [Plaintiff's symptoms such as] positive straight leg raising, tenderness to palpation, and observations of radiculopathy." (ECF No. 16, at 4.) Plaintiff argues that the ALJ's recognition of these symptoms "belie[s]" the ALJ's finding that NP Nyeche's opinion was not persuasive. (ECF No. 16, at 4.)

This does not persuade. The Magistrate Judge identified that "the ALJ found NP Nyeche's opinions unsupported because she failed to cite to 'specific, objective evidence' explaining why Plaintiff *required* the use of an assistive device to walk." (ECF No. 15, at 20 (emphasis in original).) The ALJ noted that NP Nyeche's "own examination highlighted the claimant's non-antalgic gait, normal reflexes, normal spine without trigger points, and intact neurologic function." (R. at 31.) The Magistrate Judge rightly determined that "the ALJ adequately explained that he found NP Nyeche's opinion regarding Plaintiff's need for a cane unpersuasive given the lack of support and inconsistency with the record evidence." (ECF No. 15, at 17.)

The Court therefore OVERRULES Plaintiff's second objection to the R&R.

### C.     Plaintiff's Third Objection Lacks Merit

Finally, Plaintiff objects to the Magistrate Judge's recommended finding regarding the ALJ's determination that "there are jobs existing in significant numbers in the national economy that Plaintiff can perform." (ECF No. 16, at 4.) According to Plaintiff, SkillTRAN's *Job Browser Pro* database indicates that the number of jobs that Plaintiff can perform "is insufficient to demonstrate that jobs exist in significant numbers in the national economy, as required under

that "several jobs would exist in significant numbers." (ECF No. 11, at 13.) Plaintiff argues that there is a "discrepancy between the vocational expert's testimony and the information from SkillTRAN's *Job Browser Pro*." (ECF No. 11, at 16.) But after a full review of the record, the Court confirms the Magistrate Judge's finding that "even if SkillTRAN numbers differ from those testified to by the VE, that does not render the VE's testimony unreliable. 'Courts have consistently held that the [ALJ] is not obligated to resolve conflicts between the VE's testimony and non-DOT sources,' including SkillTRAN."[4] (ECF No. 15, at 24 (internal citation omitted).)

Finally, the Court agrees with the Magistrate Judge that "the ALJ's finding at step four that Plaintiff *could* perform her past work as a housekeeper as generally performed, renders any error in the ALJ's alternative analysis [regarding other jobs available to Plaintiff] harmless." (ECF No. 15, at 22 (citing R. at 32–33).)

The Court therefore OVERRULES Plaintiff's third objection to the R&R.

## IV. CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision. The Court ORDERS that:

(1) Plaintiff's Objections to the R&R, (ECF No. 16), are OVERRULED;

(2) The R&R, (ECF No. 15), is ADOPTED on the basis of the reasoning in the R&R;

(3) Plaintiff's Motion for Summary Judgment, (ECF No. 10), is DENIED;

---

[4] The Magistrate Judge correctly concluded that, because "Plaintiff did not raise this challenge [regarding the SkillTRAN data] before the ALJ or the SSA Appeals Council," Plaintiff has "waived her right to raise that challenge" on appeal. (ECF No. 15, at 24 (internal citation omitted).)

(4) The Commissioner's Motion for Summary Judgment, (ECF No. 13), is GRANTED; and,

(5) The Commissioner's decision is AFFIRMED.

It is SO ORDERED.

Date: 09/24/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge